UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 05-04593-TLM |
| TROY PAUL STEPHENSON, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION ON MOTION TO SEAL**
_____

Chapter 7 trustee Gary Rainsdon ("Trustee") filed an amended final report and accounting in this chapter 7 case. Doc. No. 75. This follows an order of the Court declining to approve a prior final report and accounting. Doc. No. 74; *see also* Doc. No. 73 at 14-15 (Mem. Dec.). Notice of the amended final accounting was provided to creditors and parties in interest. Doc. No. 76. Objections were due May 5.

Though there were no objections timely filed, when the amended final accounting was presented to the Court for review, the Court requested Trustee and the Office of the United States Trustee ("UST") file briefs in support of the final accounting, indicating the same were due by June 2. Trustee filed a brief on May 21. Doc. No. 79. The UST has advised a late brief will be filed on or about June 12.

On June 8, counsel for Curtis A. Meske, M.D. and McCall Memorial

MEMORANDUM OF DECISION - 1

Hospital – defendants in an Idaho state court lawsuit brought by Debtor – filed an objection to the amended final accounting, Doc. No. 80 ("Objection"), an affidavit of counsel in support of the objection, Doc. No. 81 ("Affidavit"), and a "motion to seal" the objection and the affidavit, Doc. No. 82 ("Motion"). The Motion is brought "on the grounds that the pleadings relate to Trustee's Amended Final Accounting and [sealing] is in the interest of judicial economy." *Id.* at 2. On June 9, 2009, the UST filed an objection to the Motion. Doc. No. 83.

Despite issues over the standing of Dr. Meske and the Hospital,[1] the Court will address the Motion and the UST's objection to the same.

First, the Court must note that the Motion was not brought in compliance with LBR 5003.2, which addresses and governs "Sealed Documents and Public Access." Not only does this failure hamper the ability of the Court to address the request, the manner in which the parties submitted their pleadings, *i.e.*, through electronic filing instead of in compliance with LBR 5003.2, means all registered ECF participants in the case received notice of the filing of the subject documents and had, at least for a time, the ability to review them.[2]

---

[1] *See*, *e.g.*, Doc. No. 73 at 7-10 (Mem. Dec.); *see also* Doc. No. 80 at 3 (Objection) (acknowledging Court's prior denial of motion to intervene by Dr. Meske and Hospital).

[2] The Clerk of the Court subsequently sealed the documents, so they would not be available to the general public through PACER until the Court had the opportunity to address the Motion. Any ECF participant who had not downloaded or reviewed the documents upon receiving the initial notice would have been prohibited from doing so from and after the Clerk's

(continued...)

MEMORANDUM OF DECISION - 2

Second, the concept of sealing portions of the Court's files and records is inimical to the strong guiding principle that court records are public documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978).  As the First Circuit Court of Appeals noted in *In re Gitto Global Corp.*, 422 F.3d 1, 6-8, 9-11 (1st Cir. 2005), "[i]n the bankruptcy context, the right of public access is codified in a specific statutory provision[.]"

Section 107 is that statutory provisions.  It provides:

> (a) Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

Section 107(a).[3]  Exceptions to this rule are limited:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
>> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>>
>> (2) protect a person with respect to scandalous or defamatory matter contained in a case under this title.

Section 107(b).  *See also* Fed. R. Bankr. P. 9018.[4]  Further, under § 107(c), the

---

[2] (...continued)
action.

[3]  Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11, U.S. Code §§ 101-1532.

[4]  Fed. R. Bankr. P. 9018 states that:

(continued...)

MEMORANDUM OF DECISION - 3

court may protect an individual from disclosure of certain types of information to the extent it would create an undue risk of identity theft or unlawful injury to the individual or his property.

This statutory framework "supplants the common law for purposes of determining public access to papers filed in a bankruptcy case" and limits the "inherent supervisory authority of district courts over their own records and files when it comes to issues of public access to papers filed in a bankruptcy case." *Gitto*, 422 F.3d at 8, 10-11. *See also In re Food Mgmt. Group, LLC,* 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (noting that "it is no longer left to the bankruptcy court to balance the interest of the public and private parties in determining whether to seal records" and that "unless a paper filed in a bankruptcy court falls within one of the express exceptions in § 107(b) or (c), it must be open to public inspection."). In *Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954 (9th Cir. 1999), the Ninth Circuit held that § 107 is not impermissibly overbroad, and that "a blanket open access rule obviously fosters public

---

[4] (...continued)
On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

MEMORANDUM OF DECISION - 4

confidence in a way that a regime shot through with exceptions might not." *Id.* at 960. That decision further noted § 107(b)'s two exceptions "are construed narrowly and do not affect our analysis regarding the public confidence fostered by the otherwise broad scope of § 107." *Id.* at 960 n.8.[5]

The Motion neither cites any authority nor contains a cogent explanation of the grounds for sealing some or all of the subject papers. This alone would be sufficient cause for denial of the Motion. However, the Court has reviewed the Objection, Affidavit and Motion to determine if any of the limited statutory exceptions might apply. The Court found nothing implicating either § 107(b) or (c).

One issue, however, deserves additional comment. The Affidavit attaches certain of Debtor's discovery responses in the state court lawsuit. *Id.* at 4-14. The connection of this discovery to any issues presented regarding the final accounting is tangential.[6] But, by including the actual discovery responses instead of merely making the argument, Dr. Meske and the Hospital have disclosed a detailed

---

[5] *Crawford* was decided prior to the addition of subsection (c) which, as noted, provides further exceptions to the general rule. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, § 234(a), 119 Stat. 23 (2005) (adding subsection (c)).

[6] The Objection suggests that the discovery responses set the date of injury and release from hospitals, Doc. No. 80 at 5-6, and Debtor had at that time not yet completed calculation of special damages, *id.* at 5. This discussion precedes an argument opposing the amended final accounting based on Debtor allegedly not including certain pre-petition creditors in his bankruptcy filing.

MEMORANDUM OF DECISION - 5

description of Debtor's medical injuries and physical and emotional condition. The Court concludes the background information the state court defendants wanted to provide in furtherance of their objection could have been established in a fashion other than inclusion of this discovery, and that there was no good and compelling reason for the actual discovery responses to be a part of this record. It serves only to provide a source of potential embarrassment and discomfort to Debtor.

However, as noted in *Food Management*, "§ 107(b) is not intended to save the debtor or creditors from embarrassment." 359 B.R. at 554. Thus, after reviewing all the materials carefully, the Court finds no credible basis for sealing any portion of them from public view as none of the § 107 exceptions appear to apply.[7]

The UST's objection, Doc. No. 83, will be sustained and the Motion, Doc. No. 82, will be denied. An appropriate Order consistent with this Decision will be entered by the Court.

---

[7] The Court should note, however, that it has promulgated LBR 9037.1 ("Privacy Protections For Filings Made With The Court") consistent with Fed. R. Bankr. P. 9037 and the policies of the Judicial Conference of the United States. This Local Rule deals not with the Court sealing public records but, rather, with the parties' redacting information from their filings. Such redaction, among other things, compliments the provisions of § 107(c) in connection with disclosure of financial and identifying information that might encourage or facilitate identity theft. The Local Rule also suggests "[c]ounsel should exercise caution when filing documents that contain" several types or categories of information. *See* LBR 9037.1 at Advisory Committee Notes. Among these categories is "Medical records, treatment and diagnosis." *Id.* The disclosure of the medical information herein is contrary to this policy. Counsel should have redacted the same if it was important to file the discovery responses at all.

MEMORANDUM OF DECISION - 6

DATED: June 10, 2009



*Terry Myers*

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7